### Publicker Estate

*Morris Wolf, Gawthrop & Gawthrop* and *Lemuel B. Schofield*, guardian ad litem, for appellants.

*C. Brewster Rhoads* and *Griffith, Kurtz & Harvey*, Contra.

MacElree, P. J., April 12, 1954.—Harry Publicker, a resident of Chester County, died March 15, 1951, testate, leaving a will dated May 13, 1941, and three codicils thereto dated respectively December 24, 1942, September 6, 1944, and April 6, 1945, which were admitted to probate by decree of the Register of Wills of Chester County on March 19, 1951.

On February 20, 1953, Elva P. Mangold and Lemuel B. Schofield, guardians for Jonathan C. Hammer, Mark Elliott Mangold and Daniel Scott Mangold, minors, perfected an appeal to this court from that decree.

On the same date, appellants filed a petition for citation as appears of record directed to Simon S. Neuman et al. to show cause why the appeal should not be sustained and the decree of the Register of Wills set aside and why an issue *devisavit vel non* should not be awarded.

In that petition and what the court will style "the first petition for citation", petitioners attacked the codicil dated September 6, 1944 (which the court will style "the second codicil"), and in the same petition, petitioners attacked the codicil of April 6, 1945 (which the court will style "the third codicil").

In the prayer of the petition petitioners prayed for a citation to show cause why the appeal should not be sustained and why the decree of the register of wills admitting to probate the alleged codicils dated September 6, 1944, and April 6, 1945, respectively, should not be opened and set aside.

In the body of that petition, it was averred, inter alia: "at the time of the execution of the said two codicils, the physical and mental condition of the decedent was greatly impaired by sickness and infirmity and further that the said two codicils were

procured by undue influence and fraud practiced upon the said decedent.

"In August of 1940 the decedent suffered a stroke or cerebral hemmorhage, in September of 1941 he suffered a second stroke or cerebral hemmorhage, the results of which were seriously and progressively to impair his physical condition and his mental capacity and that thereafter he developed other serious ailments including diabetes, hardening of the arteries, ulcers of the toes and amputation of his leg."

On March 11, 1953, Elva P. Mangold and Jonathan C. Hammer, Mark Elliott Mangold and Daniel Scott Mangold, minors, perfected a second appeal to this court from the decree of the Register of Wills of Chester County.

On that same date, March 11, 1953, appellants filed a second petition for citation, as appears of record, directed to Simon S. Neuman et al., to show cause why the appeal should not be sustained and the decree of the register of wills set aside and why an issue devisavit vel non should not be awarded.

In that petition and what the court will style a "second petition for citation" petitioners attacked all three codicils to the will, including the second codicil previously attacked, the third codicil previously attacked and in addition thereto, the first codicil.

In the body of the second petition it was averred, inter alia, "that he (Publicker) lacked testamentary capacity to execute the said codicils" and set forth further facts in support of that averment.

To both the first and second petitions, preliminary objections were filed, to which preliminary objection answers were filed and on May 29, 1953, a motion was filed on behalf of petitioners and appellants, requesting the court to enter a decree declaring that the second appeal of March 11, 1953, shall be deemed an amendment to the first appeal of February 20, 1953,

consolidating the appeals and directing the continuance of the proceedings as if one appeal had been taken.

After hearing, the Orphans' Court of Chester County by Judge Ernest Harvey entered the following decree on June 12, 1953:

"And now, June 12, 1953, this matter having come on for hearing, it is ORDERED, ADJUDGED and DECREED as follows:

"1. The preliminary objections filed March 30, 1953, to the petition filed February 20, 1953, for a citation sur appeal, are stricken off;

"2. The answer filed April 16, 1953, to said preliminary objections is stricken off;

"3. The petition for a citation, filed March 11, 1953 sur appeal, is stricken off;

"4. The preliminary objections, filed March 30, 1953, to the last aforesaid petition, are stricken off;

"5. The answer filed April 16, 1953, to the last aforesaid preliminary objections, is stricken off;

"6. The motion to consolidate the appeals taken February 20, 1953, and March 11, 1953, is denied;

"7. Respondents in the citation awarded upon the petition therefor filed February 20, 1953, sur appeal, have leave to file an answer to that petition, in accordance with this opinion, within 15 days from the date hereof."

Subsequent thereto, on June 25, 1953, counsel for petitioners filed a "Motion to Amend Petition for Citation filed on February 20, 1953," in which motion approval was sought to amend the title, a portion of paragraph 4, a portion of paragraph 5, portions of paragraph 6 and a portion of paragraph 7, by adding further facts, and also attacking the first codicil.

Action on this motion to amend resulted in a rule allowed by Judge Harvey on June 25, 1953, entered against respondents to show cause why the petition

should not be amended as requested by appellants contestants, or as hereinbefore referred to, petitioners.

To this rule an answer was filed on behalf of Simon S. Neuman et al.

Subsequently, by Act of July 29, 1953, a separate orphans' court was established in and for the County of Chester.

This matter is now before this court on motion and answer. Inasmuch as the ruling of this court may be the subject of exception, it is stating now the reasons for its decree.

In the opinion filed by Judge Harvey, the court held with respect to the first appeal:

(a) "This apparently was an effort to appeal from part of the decree of the register, that is, from that portion of the decree which admitted to probate as part of the last will and testament two of the three codicils. There is no authority for such an appeal. Therefore, this appeal must be construed as an appeal from the decree of the register admitting and recording all the instruments in writing, to wit, the original will and the three codicils thereof, as the last will and testament."

It further held:

(b) "A statement of the facts relied upon having been set forth by the first petition for a citation here filed, there was neither need, nor propriety, nor right to file another petition.

"If additional facts were sought to be relied on, a motion to amend the petition was the proper procedure. In that regard, the Rules of Civil Procedure governing the Action in Equity (having suspended absolutely section 2 of the Act of May 4, 1864, P. L. 775, relating to amendments in equity) Rule 1503, 36 Pa. xxx, incorporating Pa. R. C. P. 1033, 354 Pa. xlv, may be invoked.

"Upon hearing of such a motion to amend, the right to so amend in the particular circumstances (including the question raised by respondents' supplemental memorandum, that such an amendment changes the cause of action after the statute of limitations has run) may be determined by the court."

This court adopts and approves the decision of its predecessor judges of the court of common pleas sitting in the orphans court.

The right of appellants to amend their first petition is challenged on the grounds that the amendments:

(a) allege the invalidity of the first codicil, in addition to the second and third codicils.

(b) allege for the first time the ground of lack of testamentary capacity as a cause for setting aside the codicils.

(c) add as additional parties to these proceedings, Simon S. Neuman, Helen P. Neuman and Rose Publicker, the trustees of decedent's will appointed in the first codicil.

(d) attempt to institute a new cause of action and an attempt to join additional parties to the proceedings, all after the period of limitations has run in violation of law and without assigning any reason therefor.

It seems apparent from the pleadings that counsel for appellants misapprehended what the court believes to be the proper procedure.

The court has read with care and considered all of the cases cited in the elaborate brief in support of the answer opposing the motion to amend the petition for citation filed February 20, 1953, and particularly those dealing with so-called "change of cause of action."

Had the motion now under consideration been filed in lieu of the second petition (in both of which appear

the same averments) in the opinion of this court there could be no question successfully raised as to their right to do so.

Apart therefrom, there is neither statutory requirement nor, at the time this situation arose, any local rule of court as to when a petition sur appeal must be filed.

The law would seem to be, under those circumstances, that it must be done within a reasonable time: Rosenberg's Estate, 60 D. & C. 652.

What substantial rights of respondents have been affected?

An examination of the pleadings indicates that respondents had been put on full notice, within the two-year period in which an appeal is permitted, of all of appellants' contentions as early as March 11, 1953.

The court is not impressed with the suggestion that they have been deprived of any valuable rights.

In the first petition, facts were alleged in support of lack of testamentary capacity, undue influence and fraud and the prayer of the petition prayed, inter alia, for a citation to show cause why an issue should not be framed to try by jury the questions of fact raised in the petition filed, in the nature of an issue devisavit vel non.

It might have been better practice to set out in the prayer, and in the petition the specific issues, although after all that is a matter for the court to determine after a responsive answer has been filed.

Counsel for respondents stress the expiration of a statutory period for filing suit and the question of the right of amendment after the expiration of that period so as to introduce a new cause of action.

Such a question might be properly raised if the first petition were lacking in allegations of fact as to lack of testamentary capacity.

The court is of opinion that the petition is not so lacking and that the cases cited are not applicable to the situation here presented.

It is true that in the petition appellant contestants now challenge the first codicil. Inasmuch as the appeal was taken within the statutory period and the appeal in effect challenged the entire will, including the first, second and third codicils, and that there is no rule of court defining the time limit within which the petition sur appeal must be filed and that the first petition was filed simultaneously with the lodging of the appeal, the court is of opinion that petitioners are fully within their rights in attacking the first codicil as well as the second and third.

The orphans' court within its realm is a court of equity.

The rule of the Supreme Court with respect to appeals from the register of wills provides:

"Appeals from judicial acts or proceedings of the Register of Wills and the practice and procedure thereon shall be as prescribed by the local Rule."

The applicable local rule is Rule 3, sec. 1, of the then Orphans' Court of Chester County:

"In appeals from judicial acts or decrees from the Register of Wills the Appellant shall present a Petition for Citation setting out the facts and the names and residences of all parties interested, whereupon a citation shall issue to them to show cause why the appeal should be sustained and the judicial act or decree of the Register of Wills complained of set aside."

The Supreme Court rules, section 2, rule 1, provides:

"The Rules adopted by the Supreme Court recommending the practice and procedure of the Orphans' Court of this Commonwealth, and the rules adopted by such courts, shall be liberally construed to secure

the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The Court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest."

The argument that additional parties are being added by the amendment is at best a tenuous one under the facts.

If that issue has been raised by the motion to amend this court is of opinion that the amendment is proper.

In Cohen Will, 356 Pa. 161, 167, the Supreme Court, speaking by Mr. Justice Allen M. Stearne, an eminent authority in orphans' court procedure states:

"We note that all parties, whether as beneficiaries under the will or heirs and next of kin, have not been joined. The proper practice is to join all such parties . . . This error in practice, however, is not necessarily reversible error" and in the facts of that case there appeared to the court no necessity to recommit in order to join all parties.

Petitioners here have taken the proper step to bring in the additional parties.

To the same general effect is a much earlier case, Miller's Estate, 166 Pa. 97.

The motion to amend is allowed and the following decree is entered:

And now, to wit, April 12, 1954, upon due consideration of the motion to amend the petition for citation filed on February 20, 1953, and the answer to the rule based thereon, allowed June 25, 1953, the rule is made absolute and the amendments are allowed nunc pro tunc as of March 11, 1953.

It is further decreed that the time for filing an answer to the amended petition is hereby extended until May 3, 1954.